## Wanamaker's Petition

*Paul Reilly*, for petitioner.
*Lyons & Gould*, contra.

SINKLER, J., February 21, 1936.—On December 28, 1933, letters of administration were granted to Dorothy Freifelder upon the estate of Sadie Freifelder, deceased. On February 20, 1934, an inventory and appraisement was filed. Endorsed thereon appears the name of A. L. Wanamaker as attorney. On January 18, 1936, a decree was entered by Stearne, J., sur petition directing that a citation be issued to A. L. Wanamaker to show cause why he should not pay a specified sum to Dorothy Freifelder, administratrix of the estate of Sadie Freifelder, deceased. On or about January 31, 1936, a petition was presented to this court by A. L. Wanamaker praying that a rule to show cause, in the form of a citation conformable to the practice of this court, should be granted, commanding Dorothy Freifelder, administratrix of the estate of Sadie Freifelder, deceased, to show cause, if any she had, why the proceeding for an order on the petitioner to pay should not be determined to be without the jurisdiction of this court and said proceeding dismissed for want of jurisdiction. On January 31, 1936, a decree was entered by Stearne, J., directing that the petition be filed and the matter ordered on the argument list for February. On February 17th, oral argument was heard upon the petition and briefs were filed in behalf of the petitioner and in behalf of the administratrix.

The question to be determined, according to the latter, is whether this court has jurisdiction to order a disbarred attorney-at-law to pay over funds received prior to his disbarment. The questions involved, as submitted on behalf of Mr. Wanamaker, are somewhat different, and need not be set forth at any considerable length, but include the same question. We are of unanimous opinion that the only question now to be determined is whether this court has jurisdiction in view of the disbarment of Mr. Wanamaker.

The further facts appearing from the petition disclose that the decedent was a legatee named in the will of

one Harry Stein, deceased. Upon the adjudication in his estate there was awarded to Dorothy Freifelder, as administratrix of the estate of the said Sadie Freifelder, $2,549.84. On February 10, 1934, Alfred L. Wanamaker received payment of that sum in his capacity as attorney for the administratrix. Two hundred dollars was paid over to the administratrix and the balance has been retained by Wanamaker. It further appears that criminal proceedings in the quarter sessions court have been instituted against Wanamaker for the embezzlement of the fund in question.

Much of the argument presented in the brief in behalf of Mr. Wanamaker has to do with the propriety of permitting the administratrix to pursue her remedy in this court, and is really not properly before us. The sole question at this time is whether we have jurisdiction.

The disbarment of Wanamaker no more affects the question of our jurisdiction than the fact that he was or was not a member of the bar of this court. Where property belonging to the estate of a decedent comes into the possession of a person after the death of the decedent, this court has jurisdiction to enter an order requiring the property to be paid over to the executor or administrator of the estate, and, upon failure to pay, to enforce our order by commitment for contempt of the person refusing to pay. Wanamaker is subject to our order for the reason that he has in his possession an asset of the estate of our decedent which he received after her death; therefore we have jurisdiction, irrespective of his status as a member of the bar of this court.

Apparently the question, as presented, has never been determined in this State, that is, whether a court of law has jurisdiction over a member of its bar who has been disbarred. While it is not necessary for us to determine this question, some comment is timely. In Watts' Estate, 158 Pa. 1, a somewhat similar question was involved. An attorney at law, who was both the attorney

and surety of an administrator, performed the duties of administration. He had in his possession moneys belonging to the estate. After his death the amount was claimed from his estate, and it was held that the orphans' court had jurisdiction to enter the decree.

If this court has jurisdiction after the actual death of a member of its bar, no less has it jurisdiction after the civil death of a member of the bar through disbarment. Likewise we have jurisdiction upon application of the equitable principle that when a court of equity has jurisdiction over a cause for any purpose it may retain the cause for all purposes and proceed to a final determination of all matters at issue: 1 Pomeroy's Equity Jurisprudence (4th ed.), sec. 181.

The other questions raised on behalf of Wanamaker are not now properly before us but will be given due consideration when we have to consider the propriety of entering the order prayed for.

### Decree

And now, February 21, 1936, the petition filed by A. L. Wanamaker on January 31, 1936, is dismissed, and it is directed that he file an answer to the petition of Dorothy Freifelder, administratrix, and the citation issued thereon, within 15 days from the date hereof.